IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-17-D
No. 5:15-CV-99-D

| | | |
|---|---|---|
| TYSHIK-KEE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 11, 2015, Tyshik-Kee Williams ("Williams") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence [D.E. 43]. On June 2, 2015, the government moved to dismiss Williams's section 2255 motion [D.E. 47] and filed a memorandum in support [D.E. 48]. Williams did not file a response. As explained below, the court grants the government's motion to dismiss and dismisses Williams's section 2255 motion.

I.

Williams was a violent drug dealer in Vance County, North Carolina. See Sentencing Tr. [D.E. 39] 12–48, 81–83. On April 9, 2013, Williams pleaded guilty, without a plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one) and two counts of distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (counts two and three). See Rule 11 Tr. [D.E. 38] 23–29; [D.E. 18]. On July 18, 2013, at Williams's sentencing hearing, the court calculated Williams's advisory guideline range as 70 to 87 months' imprisonment based on a total offense level of 25 and a criminal history category III. See Sentencing Tr. 57. The court then granted the government's motion for an upward departure under U.S.S.G. §

4A1.3. See id. 67–72. The advisory guideline range became 151 to 188 months' imprisonment based on a total offense level of 29 and a criminal history category VI. See id. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Williams's allocution, the court upwardly varied and sentenced Williams to 120 months' imprisonment on count one and 240 months' imprisonment on counts two and three with the counts to run concurrently with each other. See id. 81–85. In sentencing Williams, the court explained the rationale for the upward variance. See id.

Williams appealed and challenged his sentence as procedurally and substantively unreasonable. On May 12, 2014, the United States Court of Appeals for the Fourth Circuit rejected Williams's arguments and affirmed his sentence. See United States v. Williams, 571 F. App'x 200, 200–01 (4th Cir. 2014) (per curiam) (unpublished).

On March 11, 2015, Williams filed a motion under 28 U.S.C. § 2255. See [D.E. 43]. Williams contends (1) his indictment was defective because the conduct underlying the felon-in-possession charge in count one did not affect interstate commerce; (2) his guilty plea to count two was not knowing or voluntary because the indictment did not charge a particular quantity of heroin or include a particular penalty; and (3) his counsel was ineffective by permitting him to plead guilty to counts two and three without challenging the indictment based on the indictment's failure to specify a quantity of heroin or a particular penalty. See [D.E. 43] 1–6. According to Williams, counsel's failure to challenge the indictment made Williams's guilty plea to counts two and three unknowing. See id. 6; [D.E. 43-1] 6–10.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550

2

U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself; it also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

At his Rule 11 hearing, Williams stated under oath that he had consulted with his counsel about the three charges in the indictment to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 14–15, 17, 21. Williams also swore that he understood the three charges to which he was pleading guilty and the maximum penalties for each charge. See id. 19–21. He swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 5–9, 22–23. At Williams's Rule 11 hearing, Williams also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the

3

court could sentence him up to the statutory maximum on each count. See id. 20–22.

At the end of his Rule 11 hearing, Williams pleaded guilty to the three charges in the indictment, and the government provided a factual basis for the guilty plea. See Rule 11 Tr. 23–29. The court then accepted Williams's guilty plea to the three charges. See id.

In Williams's section 2255 motion, Williams claims that (1) his indictment was defective because the conduct underlying the felon-in-possession offense in count one did not affect interstate commerce and (2) his guilty plea to count two was not knowing and voluntary because the indictment did not charge a particular quantity of heroin or include a specific penalty. In light of the Rule 11 colloquy, however, Williams's guilty plea to counts one and two is valid. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Moreover, the Rule 11 colloquy demonstrates that Williams's guilty plea was knowing and voluntary and resulted in the waiver of all non-jurisdictional defects in the indictment. See, e.g., Tollett v. Henderson, 411 U.S. 258, 266 (1973); Joyner v. United States, 531 F. App'x 329, 332–33 (4th Cir. 2013) (per curiam) (unpublished). Such non-jurisdictional defects include Williams's claims attacking counts one and two. Thus, Williams's first two claims fail.

Alternatively, Williams procedurally defaulted these two claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Williams from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Williams has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991);

4

United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Moreover, Williams's first two claims fail on the merits. See, e.g., Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013); United States v. Reed, 780 F.3d 260, 271–72 (4th Cir. 2015).

Next, Williams alleges ineffective assistance of counsel because counsel permitted him to plead guilty to counts two and three without challenging the indictment based on the indictment's failure to specify a quantity of heroin or a particular penalty. According to Williams, counsel's alleged error made Williams's guilty plea unknowing. See [D.E. 43] 6.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

5

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge, 431 U.S. at 74 n.4; United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

Williams's ineffective-assistance claim fails. First, Williams's counsel obviously did not object to the indictment because the objection would have been baseless. See, e.g., Alleyne, 133 S. Ct. at 2158, 2163. The Sixth Amendment does not require counsel to make baseless objections. See Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009). Moreover, Williams has failed to plausibly allege prejudice, especially given that this court advised Williams of the penalties on counts two and three before Williams pleaded guilty. See Rule 11 Tr. 19–20; cf. Bobby, 558 U.S. at 12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 699–700.

6

After reviewing the claims presented in Williams's motion, the court finds that reasonable jurists would not find the court's treatment of Williams's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum the court GRANTS the government's motion to dismiss [D.E. 47], DISMISSES Williams's section 2255 motion [D.E. 43], and DENIES a certificate of appealability.

SO ORDERED. This **25** day of November 2015.

JAMES C. DEVER III
Chief United States District Judge

7

Case 5:13-cr-00017-D   Document 52   Filed 11/25/15   Page 7 of 7